IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD ROWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-05-265-T |
| | ) | |
| RON WARD, DOC-Director, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 42 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings. The respondent filed a motion to dismiss, arguing that the action is barred by the statute of limitations; petitioner timely responded to that motion. On June 16, 2005 the Magistrate Judge filed a Report and Recommendation [Doc. No. 15] in which he recommended that the respondent's motion be granted because the petition reflects that it was filed beyond the applicable one-year statute of limitations, and there is no basis for tolling the limitations period. Because petitioner has timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

The magistrate judge concluded that the petition should be dismissed as untimely because the statute of limitations period prescribed by 28 U.S.C. §2244(d) expired prior to its filing. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), §2244 provides that a habeas petition seeking relief from a state court judgment must be filed within one year from the date the judgment becomes final.

In this case, petitioner challenges his convictions in two cases, Case Nos. CF-97-202 and CF-98-353, in the District Court of Stephens County, Oklahoma. In Case No. CF-97-202, petitioner

entered a plea of guilty to possession of marijuana as a second or subsequent offense; his plea was entered on January 14, 1998, and he received a suspended sentence. Petitioner did not seek to withdraw his plea within the time period authorized by the Oklahoma statute; he concedes that his conviction thus became final on January 24, 1998. On March 4, 1999 the trial court revoked the suspended sentence; petitioner did not appeal. However, he filed an April 2, 2002 application for post-conviction relief in which he sought leave to appeal the revocation order out of time. Although that application was granted on August 1, 2002, petitioner did not appeal. However, he again sought leave to appeal out of time in a July, 2003 application for post-conviction relief. That application was granted on October 17, 2003, but petitioner did not timely appeal. Finally, on October 28, 2003 petitioner filed an application to withdraw his guilty plea. That application was denied, and the denial was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on March 8, 2004.

Pursuant to the AEDPA, the statute of limitations on petitioner's claim would have expired on January 24, 1999, one year from the date on which the judgment entered against him became final. Because he did not file this action until March 9, 2005 his claim is untimely unless there is cause to toll the limitations period. Petitioner concedes that the limitations period expired on January 24, 1999; however, he argues that he is entitled to statutory or equitable tolling of the period.

In the Report and Recommendation, the magistrate judge determined that petitioner is not entitled to statutory tolling based on the pendency of a post-conviction action because he did not seek post-conviction relief until April of 2002, more than one year after the limitations period expired. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). His subsequent

applications for post-conviction relief were also filed after the judgment became final. The court agrees with the magistrate judge that statutory tolling does not apply, as the AEDPA permits such tolling only where a post-conviction relief application was filed prior to the expiration of the statute of limitations.

The magistrate judge also concluded that petitioner is not entitled to equitable tolling on this claim, as none of the exceptional circumstances justifying equitable tolling are present. *See, e.g.,* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). In his objections to the Report and Recommendation, petitioner repeats his argument s that he is entitled to equitable tolling; however, the record reflects that he submits no persuasive argument or authority that would support such relief. For the reasons set forth in the Report and Recommendation, his claim to equitable tolling of the statute of limitations as to his claims based on Case No. CF-97-202.

As the magistrate judge also concluded, petitioner's claims as they apply to the revocation of his suspended sentence in Case No. CF-97-202 are also untimely. The sentence was first revoked on March 4, 1999. Although petitioner did not appeal that decision, he was granted leave to appeal out of time; the last OCCA order granting such leave was dated October 17, 2003. However, petitioner did not file the appeal, and the judgment of revocation thus became final on October 27, 2003, in accordance with the Rules of the OCCA. *See* Rule 1.2(D)(4). Accordingly, the one-year limitations period for this claim expired on October 27, 2004. The court agrees with the magistrate judge that statutory tolling of the limitations period is inapplicable because petitioner sought no collateral relief prior to the expiration of the statute of limitations. Furthermore, the court agrees with the magistrate judge that petitioner is not entitled to equitable tolling.

Petitioner also asserts habeas claims based on Case No. CF-98-353. In that case, petitioner

pled guilty to trafficking in illegal drugs. He timely sought to withdraw his plea, and the court denied his request. On appeal, the OCCA denied *certiorari* on February 26, 2003. His conviction became final 90 days thereafter, as that was the deadline for seeking review by the United States Supreme Court. *See* 28 U. S. C. § 2101 ( c ). Petitioner did not seek such review. Pursuant to the AEDPA, the limitations period expired one year thereafter, or May 27, 2004. This action was not filed until March 9, 2005. Petitioner filed no post-conviction application or other collateral challenge prior to that date; therefore, his claim based on Case No. CF-98-353 is untimely. For the reasons set forth in the Report and Recommendation, equitable tolling as to this claim is not warranted.

Having reviewed the file, including the Report and Recommendation and petitioner's objections, the court concludes that petitioner has not shown a basis for statutory or equitable tolling of the statute of limitations governing his habeas claims in the two cases on which they are based. Accordingly, the Report and Recommendation [Doc. No. 15] is adopted in full. Respondent's motion to dismiss is GRANTED, and this action is dismissed as untimely.

IT IS SO ORDERED this 31st of October, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE